UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ZURICH AMERICAN INSURANCE COMPANY a/s/o VF Jeanswear, LP** § § § **Plaintiff** § | § | **CIVIL ACTION NO. 2:21-cv-1935** |
| **V.** § | § | **JUDGE** |
| **H & D TRUCKING CORP., ALEICE WILLIAMS, and ARNAZ HAMMOND** § § § **Defendant** § | § | **MAGISTRATE** |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Zurich American Insurance Company, files its Original Complaint against Defendants H & D Trucking Corp., Aleice Williams and Arnaz Hammond, and would respectfully show as follows:

## INTRODUCTION

1. This action involves a claim against Defendants for damage to 1658 cartons of Jeans on 30 pallets (the Cargo) when the truck carrying the Cargo was involved in a rollover accident on Interstate 12 in Tangipahoa Parish, Louisiana while driving from Miami, Florida to El Paso, Texas. Due to the accident, the Jeans were declared a total loss resulting in damages of $169,720.18.

## PARTIES

2. Plaintiff Zurich American Insurance Company (ZAIC) is a New York corporation engaged in the insurance business with a statutory home office located at 4 World Trade Center, 150 Greenwich Street, New York, NY 10007, and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196. It is authorized to transact business and has transacted

business in Louisiana and was the insurer of VF Jeanswear, LP, 105 Corporate Center Blvd Greensboro, NC 27408 (VF Jeanswear).

3. H & D Trucking Corp. (H&D) is a Florida corporation with its principal place of business located at 2000 NW 89 PL, Suite 109, Doral, Florida 33172, with power to sue and be sued regularly doing business in Louisiana and the United States and is a trucking company engaged in the business of transportation in interstate commerce with USDOT number 2936117 and MC number 992130. H&D can be served through its registered agent: Joel J. Castillo, 2000 NW 89 PL, Suite 109, Doral, Florida 33172, or through its Director: Joel J. Castillo, 2000 NW 89 PL, Suite 109, Doral, Florida 33172.

4. Defendant Aleice Williams (Williams) is a resident of Louisiana (La. DL xxxx0674) who was driving a 2018 Nissan Sentra westbound on Interstate Highway 12 near milepost 49.8 on October 23, 2020, when her vehicle was involved in an accident resulting in the truck carrying the Jeans leaving the roadway and going down an embankment and overturning. Williams can be served at 32225 Harvey, Jefferson, Louisiana 70426 or wherever she can be found.

5. Defendant Arnaz Hammond (Hammond) is a resident of Louisiana (La. DL xxx3873) who was driving a 2013 Lexus G35 westbound on Interstate Highway 12 near milepost 49.8 on October 23, 2020, when his vehicle was involved in an accident with the truck carrying the Jeans causing it to leave the roadway and go down an embankment where it overturned. Hammond can be served at 2036 Lakeshore Drive, Slidell, La.70461 or wherever he can be found.

## JURISDICTION & VENUE

6. The claims alleged herein are governed by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706, *et seq*. The Court also has original jurisdiction of this action under 28 U.S.C. 1332 because the matter in controversy exceeds the sum of value of

$75,000, exclusive of interest and costs, and is between citizens of different states of the United States. Venue is proper in the Eastern District of Louisiana under 28 U.S.C. § 1391 because Defendants reside in the district and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and pursuant to 49 U.S.C. §14706(d)(2).

## **FACTS**

7.      On October 22, 2020, H&D, through its driver Mr. Adolfo Rosito, received a cargo of 1658 cartons of Jeans on 30 pallets (the Cargo) at Crowley Logistics, 10205 NW 108th Ave., Suite 1, Miami, Florida 33178 for transport and delivery to VF Jeanswear, 12173 Rojas Drive, El Paso, Texas 79936. The Cargo was to be carried under bill of lading no. ELP-102120-01 and was confirmed by H&D under AFN, LLC Load No. 2007074 and movement no. 1995462. The Cargo had an estimated value of $250,000. H&D, as motor truck carrier, agreed in return for good and valuable consideration, to receive, properly care for, and safeguard the Cargo from Miami, Florida to El Paso, Texas, and there deliver the Cargo in the same good order, condition, and quantity as when received.

8.      Thereafter, in breach of and in violation of said agreements and its duties, H&D did not deliver the Cargo in the same good order, condition, and quantity as when received at Miami, Florida. To the contrary, the Cargo was damaged in transit spilling from the trailer down the embankment in the rollover accident and was not delivered to the final destination of El Paso, Texas resulting in total loss of the Jeans of $166,544.18, freight charges of $3,201.00, disposal costs of $309.55, towing costs of $19,590.86 and inspection costs of $3,413.75 for total damages of $193,059.34. Timely notice of the claim was provided to H&D.

9.      Prior to the shipment of the Cargo and prior to any loss thereto, Plaintiff ZAIC issued its policy of insurance whereby Plaintiff ZAIC agreed to indemnify the owner of said cargo, and its assigns, against loss of or damage to said cargo while in transit, including mitigation

expenses, and Plaintiff ZAIC has therefore become obligated to pay, and has paid, to the person entitled to payment under said policy the sum of $169,720.18, which is the cost for the Cargo and freight and has paid the cost of disposal and trucking in the amount of $19,900.41 and survey/inspection fees of $3,413.75.

## CAUSES OF ACTION

### A. CARMACK LIABILITY

10. Plaintiff repeats and re-alleges the allegations of the paragraphs above as if fully set forth herein.

11. On October 22, 2020, H&D, through its driver Mr. Adolfo Rosito, acting as a motor truck carrier under its USDOT number 2936117 (and MC number 992130), received the Cargo in good order and condition for interstate motor truck carriage from Miami, Florida to El Paso, Texas pursuant to bill of lading ELP-102120-01, AFN, LLC Load Confirmation No. 2007074 and P.O. CMCU4531485.  H&D agreed under those contract(s) of carriage and in return for good and valuable consideration, to carry the Cargo from Miami, Florida to VF Jeanswear's facility in El Paso, Texas and there deliver the Cargo to the lawful owners and others, in the same good order, condition, and quantity as when received.

12. Thereafter, in breach of and in violation of said agreements, H&D did not deliver the Cargo in the same good order, condition, and quantity as when received.  To the contrary, H&D delivered the cargo in damaged condition.  The reasonable value of the damaged cargo without incidental expenses was $166,544.18 with freight charges of $3,201 which amount ZAIC paid to VF Jeanswear, LLC including a $15,000 deductible.

### B. BREACH OF BAILMENT

13. Plaintiff repeats and re-alleges the allegations of the paragraphs above as if fully set forth herein.

14. Upon taking possession of the Cargo and undertaking to deliver it pursuant to an express contract a bailment was created, whereby H&D was required to carry out its obligations as bailee.

15. H&D failed to deliver the Cargo in the same condition in which it was received, as it was entrusted to do acting in its capacity as a bailee.

16. As a result of H&D's failure to properly execute its obligations as bailee for the subject Cargo, Plaintiff has been damaged in an amount to be proven at trial, but no less than the $166,544.18 value of the Jeans and freight charges of $3,201 which amount ZAIC paid to VF Jeanswear, LLC including a $15,000 deductible.

**C. NEGLIGENCE**

17. Defendants Williams, Hammond and H&D, by its driver Mr. Adolfo Rosito whose actions are imputed to H&D by *respodeat superior*, were negligent including, but not limited to the following acts and omissions, each of which was a proximate cause of the rollover incident:

   a. Failure to control a motor vehicle;

   b. Failure to maintain a proper lookout while operating a motor vehicle;

   c. Failure to pay attention while driving as a reasonably prudent person would have under the same or similar circumstances;

   d. Driving a vehicle in willful or wanton disregard for the safety of other persons;

   e. Imperiling other motorists by failing to heed traffic law(s), as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances;

   f. Failure to comply with La. R.S. 32:861(a)(2) and La. R.S. 32:900(B);

   g. Failure to comply with La. R.S. 32:291.1 and other statutes/regulations to be shown at trial.

Plaintiff would show that the collision of Hammond's vehicle with H&D's truck resulted in a rollover incident where the Cargo spilled from the trailer and down the embankment making the Cargo a total loss and necessitating Zurich's payment.

18. Plaintiff has therefore been damaged in the sum of $193,059.34, no part of which has been paid, despite demand therefor.

19. Plaintiff cannot more specifically allege Defendants' acts or omissions constituting negligence. Plaintiff invokes and relies upon the doctrine of *res ipsa loquitor* because the character of the loss was such that it would not have happened in the absence of negligence, and the instrumentality causing the occurrence was exclusively within the Defendants' control.

## DAMAGES

20. As a direct and proximate result of Defendants' negligence, carelessness, lack of due care, failure to maintain and safely operate their vehicles, breach of duty or breach of contract, Plaintiff has sustained damages of $193,059.34, together with interest and costs of this action, none of which has been paid by Defendants despite due demand.

21. Plaintiff ZAIC is a fully subrogated insurer with standing to recover for the damaged Jeans.

Wherefore, Plaintiff Zurich American Insurance Company, prays that Defendants be cited to answer and appear and that upon final trial, Plaintiff has, among other things:

a. Judgment against Defendants, H & D Trucking Corp., Aleice Williams and Arnaz Hammond, jointly and severally, for its alleged damages of $193,059.34.

b. Pre-judgment interest dated from October 23, 2020;

c. Post-judgment interest;

d. Court costs, and

e. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

W. SEAN O'NEIL, ATTORNEY AT LAW

*/s/ W. Sean O'Neil*
W. Sean O'Neil (#24584)
1880 S. Dairy Ashford St., Suite 208
Houston, Texas 77077
Telephone: (281) 496-0193
Telefax: (281) 496-0680
Email: wsoneil@wsolaw.com
**ATTORNEY FOR PLAINTIFF**